591 A.2d 894

**David Eugene KINSER, Jr.**

v.

**STATE of Maryland.**

**No. 1498, Sept. Term, 1990.**

Court of Special Appeals of Maryland.

June 28, 1991.

Nancy S. Forster, Asst. Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Andrew H. Baida, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen. and Stuart O. Simms, State's Atty. for Baltimore City, on the brief), Baltimore, for appellee.

Submitted before ALPERT, BLOOM and MOTZ, JJ.

MOTZ, Judge.

Appellant David Eugene Kinser, Jr. was convicted by a jury, in the Circuit Court for Baltimore City (Mitchell, J.), of battery, possession of a deadly weapon and racial assault. He was sentenced to three years for battery, three years for possession of a deadly weapon, to run concurrently with the battery conviction, and three years for racial assault; the racial assault sentence to run consecutively to the other two sentences. On appeal, he raises the single contention that the evidence was insufficient to support the racial assault conviction.[1] We hold that the evidence was sufficient and affirm.

Md.Ann.Code art. 27, § 470A(b)(3) (Supp.1990) provides that a "person may not ... [h]arass or commit a crime upon a person ... because of that person's race...." The test to be used in determining the sufficiency of the evidence is "whether the evidence shows directly or supports a rational inference of the facts to be proved, from which the trier of fact could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged." *Wilson v. State*, 319 Md. 530, 535–36, 573 A.2d 831, 834 (1990).

The conviction challenged here arises from facts so disturbing as to be shocking. A ten year old black girl, while doing an errand for her mother, was called "black nigger," "monkey" and "chocolate mousse" by a group of white boys and girls. She was then pushed and hit by one of the white boys. She ran home and told her mother and stepfather what had happened.

The young girl and her parents went back to the scene of the name-calling and found, hidden in a stairwell, some of the white boys who had threatened her. After the girl began kicking the boys, her stepfather pulled her up the stairs and away from the boys. By this time, a crowd of

---

1. No claim is made that the racial assault statute is unconstitutional. *Compare In re R.A.V.,* 464 N.W.2d 507 (Minn.1991), *cert. granted,* — U.S. —, 111 S.Ct. 2795, — L.Ed.2d — (6/11/91) (constitutionality of cross-burning statute upheld).

people, all white, had gathered. As the girl and her parents started to run home, one of the white boys ran up the steps holding his head and someone yelled, "[t]hat nigger stabbed my nephew in the head."

Appellant then came toward the stepfather with a knife. Someone in the crowd handed appellant a stick with nails protruding from the end and said, "Hit that nigger. Get that nigger." Appellant put the knife away and began repeatedly swinging the stick, wounding the young black girl on her leg. As appellant swung the stick, the crowd screamed "get the black nigger" and threw bottles and other items at the stepfather.

After being chased by the crowd which was calling after them, "niggers" and "catch him", the young girl and her parents reached their home. They immediately called the police. When the police officers arrived at the house, it was surrounded by what the police described as "almost like a lynch mob," numbering 80 to 100 people yelling, "you better lock the nigger up. If you don't we'll take care of it ourself. We will burn them out." The girl showed the police her wound and identified appellant, in the crowd outside, as the person who hit her. Appellant then ran up the steps of her house and told a police officer, "You better lock me up now or I'll take care of the nigger myself." Appellant was arrested.

He was subsequently convicted of battery as to the young girl and possession of a deadly weapon and racial assault as to her stepfather. He does not challenge the battery or possession of a deadly weapon convictions, but does claim that there was insufficient evidence to support the racial assault conviction. Indeed, appellant claims that he "did nothing which would indicate that his actions were motivated by ... race." This argument utterly fails for two reasons.

First, there is in fact direct evidence that appellant's actions were motivated by race. A police officer testified that immediately before appellant's arrest he told the offi-

cer "[y]ou better lock me up or I'll take care of the nigger myself." Thus, appellant's own testimony provides evidence that his attack "was not the result of any mistake or accident" but rather was "motivated by racial prejudice." *Nelson v. State*, 5 Md.App. 109, 121–22, 245 A.2d 606, 613 (1968).

Secondly, motive can be inferred not just from words but also from acts and conduct, *see Cardin v. State*, 73 Md.App. 200, 213, 533 A.2d 928, 934 (1987), *cert. denied*, 312 Md. 126, 538 A.2d 777, *cert. denied*, 488 U.S. 827, 109 S.Ct. 78, 102 L.Ed.2d 55 (1988), and here appellant's conduct overwhelmingly demonstrates his actions were motivated by racial animus. He approached the stepfather with a knife, and attacked him with a nail protruding stick which was handed to appellant by someone in the crowd who instructed him to, "hit that nigger" and "get that nigger." Further, appellant was among the 80 to 100 person "lynch mob" who followed this family home and screamed that the police, "better lock the 'nigger' up or they were going to burn him out."

Appellant's claim, that just because "some people within the crowd were screaming racial slurs" this "cannot be imputed" to him, misses the point. This evidence was not offered "to charge defendant with responsibility for the crowd's actions and words, but to show his own state of mind." *United States v. Griffin*, 525 F.2d 710, 713 (1st Cir.1975), *cert. denied*, 424 U.S. 945, 96 S.Ct. 1414, 47 L.Ed.2d 351 (1976). Evidence of the crowd's words and actions demonstrate appellant's own state of mind, because for a considerable period of time he was in the crowd, not as an observer, but as an active participant. *See Griffin*, 525 F.2d at 713 ("evidence of what the crowd had been doing and shouting indicates what, in action and words, defendant was responding to, clarifying if need be, his own words and motives").

In sum, there is absolutely no merit to appellant's claim that he "did nothing which would indicate his actions were motivated by ... race." Rather, there was clearly sufficient evidence to support the racial assault conviction.

JUDGMENT AFFIRMED; COSTS TO BE PAID BY APPELLANT.